[Civ. No. 23180.   First Dist., Div. Three.   Jan. 20, 1966.]

W. T. KRAMER et al., Petitioners, v. THE SUPERIOR COURT OF HUMBOLDT COUNTY, Respondent; RICHARD H. OSIER et al., Real Parties in Interest.

Thomas C. Lynch, Attorney General, Leonard M. Sperry, Jr., and Robert L. Bergman, Deputy Attorneys General, for Petitioners.

No appearance for Respondent.

Frederick L. Hilger for Real Parties in Interest.

DRAPER, P. J.—Petitioners are officers of the California Highway Patrol. They weighed trucks of real parties in interest at an official weighing station and determined that each carried a load of logs in excess of the maximum permitted by law (Veh. Code, §§ 35551 et seq.). The truckers declined to reduce the loads to the legal maximum and the officers refused to permit them to return their vehicles to the state highway until the loads were reduced. The trucks remained in the parking area adjoining the weighing station for several days. Real parties filed an action against the patrolmen as individuals, seeking possession of the vehicles and damages for conversion. They also resorted to the provisional remedy of claim and delivery (Code Civ. Proc., §§ 509, et seq.). Petitioners, of course, claimed neither title nor right to possession of the vehicles, and they filed no undertaking. Accordingly, the sheriff seized the vehicles and returned them to real parties. The truckers pressed their claims for damages. Both sides sought summary judgment. The trial court granted real parties' motion on the issue of liability, but reserved the issue of damages for determination at a trial. Petitioners sought prohibition or mandate. We issued alternative writs.

A traffic officer may require weighing of a vehicle (Veh. Code, § 2802). If he determines that its weight is unlawful, "he may require the driver to stop in a suitable place

and . . . remove such portion of the load as may be necessary to . . . reduce it to the limits permitted under this code.'' (Veh. Code, § 2803.)

■ The weight limits obviously are designed to protect the highways (22 Ops. Cal. Atty. Gen. 152). Also apparent is the desire to protect other highway users from the hazard of vehicles which are less manageable by reason of overloading. Any thought that furtherance of these public interests is limited to issuance of a citation is dispelled by the quoted provision of section 2803. We would subvert the statutory scheme if we held that the driver of an overweight vehicle has the unqualified right to continue his unlawful use of the highway once he has received a citation. The fines fixed by section 42030 for violation of the weight limitations are not licenses for continuing violation of the law. For many years, department regulations have been clear that an overloaded vehicle shall not be allowed to proceed until the load is reduced, and this reasonable administrative construction of the statute is entitled to weight.

■ Real parties emphasize the reference of section 2803 to ''a suitable place''. But their affidavits do not contradict petitioners' declaration that for at least three years overloaded trucks, including those driven by real parties, had in fact reduced loads at this same point. Real parties' true claim seems to be that equipment for unloading logs is not installed at the scales. Uncontradicted affidavits show that petitioners informed real parties of the availability of unloading equipment to be brought to this spot at small cost. Real parties assert only that they should be allowed to proceed to a sawmill where permanent loading equipment is maintained. To permit the law violator to continue his lawbreaking until he reaches a destination which seems to him fully adequate to correct his violation seems to pervert the true purpose of section 2803. The issue of suitability of location is more properly to be determined by the traffic officer than by the trucker who has violated the law. This view is sustained by the 1965 amendment to section 2803, which, although effective after the events here in issue, appears but to clarify the previous legislative intent. ■ We find no impropriety in requiring one who embarks upon a trip in an overloaded truck to provide for himself the means of safely reducing his load when he is caught.

■ Real parties also argue that they were entitled to be cited for violation of section 2803. They were given citations

for violations of the maximum weight provisions. Petitioners' affidavits on the summary judgment motions show, without contradiction by real parties, that the trucks were substantially overloaded, after all allowances for tolerance. These overloads were the crux of the violations. If real parties questioned the weights attributed to them (a contention not suggested in their affidavits) they had a right to be taken before a magistrate immediately, upon the overloading charges, if they so demanded (Veh. Code, § 40302, subd. (c)). They made no such demand. Choice of the charge to be preferred obviously is with the officer, and not the violator.

Belatedly, real parties seek to file in this court an affidavit alleging that they did demand to be cited "for refusal to unload," and to be taken before a magistrate on that charge. No such assertion is made in any affidavit filed in the trial court. That court, in its original memorandum opinion, stated that real parties had demanded to be taken before a magistrate. The statement was specifically stricken in the judge's memorandum upon petition for reconsideration, which had attacked this statement as unsupported. Some doubt is cast upon the present allegation by real parties' failure to file it in the trial court in reply to the petition for reconsideration. In any event, it comes too late at this stage, and permission to file it is denied.

Moreover, this belated affidavit fails to meet any issue in this case. The requirement of section 40302, subdivision (c) that one who so demands must immediately be taken before a magistrate obviously is designed to afford speedy opportunity for a judicial determination. It affords a right of due process to an accused, and thus is entitled to strong support and liberal construction by the courts. But it is a right quite as available on a violation of the overweight provision as on violation of section 2803. Real parties' apparent premise is that, if charged under section 2803, they would be entitled to have the magistrate pass upon suitability of the place to reduce their loads. But, as we have pointed out, the choice of a suitable place is largely for the officer. In any event, real parties' affidavits make plain that they do not quarrel with the space afforded them for reduction of load, but with the claimed absence of convenient equipment. Since they do not deny the full adequacy and ready availability of the portable equipment, they show no issue of suitability to be submitted to a magistrate. On this record, their claimed demand to be arrested on charges of violating section 2803 is irrelevant.

504

Much of real parties' argument centers upon the claim that petitioner exercised possessory rights over the trucks, or "impounded" or "seized" them. The record shows no such action. Petitioners properly refused to let the overloaded trucks return to the state highway to continue violating the weight statutes. In view of this conclusion, we need not determine the issue of immunity of the petitioners, as agents of the sovereign.

Let peremptory writ of mandate issue, requiring respondent court to enter summary judgment in favor of petitioners.

Salsman, J., and Devine, J., concurred.

The petition of the real parties in interest for a hearing by the Supreme Court was denied March 16, 1966.