[Civ. No. 1419. Fifth Dist. Feb. 11, 1971.]

RUBEN BROWN et al., Petitioners, v.
THE SUPERIOR COURT OF KERN COUNTY, Respondent;
KENNETH A. MATTERN et al., Real Parties in Interest.

**COUNSEL**

Raymond, Noriega & Clifford and James E. Brown for Petitioners.

No appearance for Respondent.

DiGiorgio, Davis, Hastin & Klein and Thomas R. Davis for Real Parties in Interest.

**OPINION**

**GARGANO, J.**—Petitioners seek a writ of prohibition to prevent further proceedings in the action which was brought against them in the court below, or, in the alternative, a writ of mandate to compel respondent court to enter a summary judgment in their favor. Because there are no triable issues of fact, and because we conclude that the trial court was in error in denying petitioners' motion for a summary judgment, we grant the petition for a writ of mandate. (*Pacific Indem. Co.* v. *Superior Court,* 246 Cal.App.2d 63 [54 Cal.Rptr. 470]; *Kramer* v. *Superior Court,* 239 Cal. App.2d 500 [48 Cal.Rptr. 897]; Code Civ. Proc., § 437c.)

On Saturday, July 13, 1968, petitioners sold and delivered to Jerry Allen Woodard a used 1963 Pontiac automobile. Mr. Woodard and petitioner Ruben Brown signed a security agreement on that day. They also signed a Dealer's Report of Sale—Used Vehicle; within two days the report was either mailed to the Department of Motor Vehicles in Sacramento or delivered to its Bakersfield office; it was received by the department in Sacramento on July 16. In the meantime, on Sunday, July 14, there was a collision between the 1963 Pontiac and a vehicle occupied by real parties

in interest; Woodard was driving the Pontiac. Thereafter, real parties in interest brought a personal injury action naming petitioners as defendants on the theory that they were the owners of the Pontiac when the collision occurred. Petitioners then moved for a summary judgment, and their motion was denied. This proceeding followed.

The liability of an owner of a motor vehicle for damages resulting from its negligent operation by others is purely statutory, and in this state is established by Vehicle Code section 17150. The ownership contemplated by the statute is not determined by the same rules as the ownership of an ordinary chattel; it is determined by the registration record (*Borjesson* v. *Simpson,* 177 Cal.App.2d 365 [2 Cal.Rptr. 366]). Accordingly, the Vehicle Code contains transfer procedures enabling an owner who has sold a vehicle to divest himself of "owner's" liability for accidents occurring thereafter. The applicable procedures are contained in sections 5900, 5901, and 5602.

Section 5900 provides: "Whenever the owner of a vehicle registered under this code sells or transfers his title or interest in, and delivers the possession of, the vehicle to another, the owner shall immediately notify the department of the sale or transfer giving the date thereof, the name and address of the owner and of the transferee and such description of the vehicle as may be required in the appropriate form provided for such purpose by the department."

Section 5901 provides: "Every dealer upon transferring by sale, lease or otherwise any vehicle, whether new or used, of a type subject to registration under this code, shall, not later than the end of the third business day thereafter of the dealer, give written notice of the transfer to the department upon an appropriate form provided by it, but a dealer need not give the notice when selling or transferring a new unregistered vehicle to another dealer.

"A 'sale' shall be deemed completed and consummated when the purchaser of that vehicle has paid the purchase price, or, in lieu thereof, has signed a purchase contract or security agreement, and taken physical possession or delivery of that vehicle."

Section 5602 provides: "An owner who has made a bona fide sale or transfer of a vehicle and has delivered possession thereof to a purchaser shall not by reason of any of the provisions of this code be deemed the owner of the vehicle so as to be subject to civil liability for the operation of the vehicle thereafter by another when the owner in addition to the foregoing has fulfilled either of the following requirements:

"(a) When he has made proper endorsement and delivery of the certificate

of ownership and delivered the certificate of registration as provided in this code.

"(b) When he has delivered to the department or has placed in the United States mail, addressed to the department, either the notice as provided in Section 5900 or Section 5901 or appropriate documents for registration of the vehicle pursuant to the sale or transfer."

It is undisputed that when the sale of the 1963 Pontiac to Jerry Allen Woodard was consummated, petitioners were dealers within the ambit of section 285 of the Vehicle Code. Also, it is undisputed that on July 15, 1968, the day following Woodard's accident, but before the end of the third business day after the sale was consummated, petitioners either mailed or delivered a dealer's report to the State Department of Motor Vehicles. The issue of law, therefore, is "Does a dealer who sells an automobile to a customer remain subject to liability as its owner under section 17150 until he has actually mailed or delivered a report of sale to the Department of Motor Vehicles, or does he gain full immunity from liability for damages resulting from any automobile accident which occurs after a bona fide sale has been consummated if he mails or delivers the report of sale required by section 5901 within the period prescribed by that section?"

The learned trial judge opined that to hold that dealers are not subject to liability for damages resulting from accidents occurring before the reports of sale are actually mailed, even though mailed within the period allowed by section 5901, would give to section 5602 a retroactive effect contrary to its explicit language.[1] On the other hand, petitioners maintain that the three business days allowed dealers to mail or to deliver reports of sales is a period of grace accorded by the Legislature to persons engaged in the business of buying, trading and selling automobiles because of the impracticability of requiring such persons to prepare and mail the reports immediately after each sale is consummated. They argue, in essence, that it is the legislative purpose to grant full immunity to automobile dealers for accidents that occur after an automobile has been sold and possession thereof delivered to the customer but that the immunity is conditional and must be perfected by giving the notice in the manner prescribed by section

---

[1] In his memorandum of opinion the judge stated: "The statute throughout speaks in the past tense. It states that 'An owner who has made . . .' 'and has delivered possession thereof . . .' and 'has fulfilled either of the following requirements', and under Subdivision (b) of the section it states 'has delivered' or 'has placed' the notice provided for in Section 5901. In the main body of the statute it states that a person who has done these things shall not 'thereafter' be civilly liable for the operation of the vehicle. Thus the holding herein would seem to be entirely consonant with the express provisions of Section 5602."

5901. Petitioners conclude that section 5602 is not given a retroactive effect when viewed in this light.

Before directing our attention to the issue, a brief review of the applicable rules of statutory construction is helpful. Statutes must be given a sensible construction so that unjust or absurd results may be avoided (*Phillips* v. *Municipal Court,* 24 Cal.App.2d 453 [75 P.2d 548]). Because a statute must be construed to effectuate the legislative intent whenever possible (*County of Alameda* v. *Kuchel,* 32 Cal.2d 193 [195 P.2d 17]), the purpose of the law must be considered (*Thorsby* v. *Babcock,* 36 Cal.2d 202 [222 P.2d 863]). ■ In interpreting a statute, effect must be given to all of the language used (*County of Los Angeles* v. *Graves,* 210 Cal. 21 [290 P. 444]); and if there are two or more statutes dealing with the same subject matter, the court must "reconcile seeming inconsistencies in them, and construe them to give force and effect to all of their provisions." (*Hough* v. *McCarthy,* 54 Cal.2d 273, 279 [5 Cal.Rptr. 668, 353 P.2d 276].)

■ When the language of section 5602 is viewed in its entirety and then harmonized with section 5901, it is apparent that petitioners' contention has merit. The preliminary language of the first paragraph of section 5602 states that "An owner who has made a bona fide sale or transfer of a vehicle and has delivered possession thereof to a purchaser shall not . . . be subject to civil liability . . . thereafter. . . ." As to dealers, the sale is deemed consummated when the purchaser has paid the purchase price or signed a purchase contract or a security agreement (§ 5901). Also, a dealer is given three business days after the sale in which to mail or deliver the report of sale. The additional requirement referred to in section 5602 as to the mailing or delivering of the report of sale is merely a condition which must be fulfilled before an immunity which, in actuality, commences at the time of the sale, can be claimed. ■ When effect is given to all of the language of section 5602, it is reasonably clear that a dealer who has made a bona fide sale of a motor vehicle and delivered possession thereof to a purchaser is no longer subject to civil liability for automobile accidents occurring thereafter (after the sale and delivery of possession) when (if) he timely mails or delivers the report of sale as provided by section 5901. To hold otherwise would mean that subdivision (b) contradicts the preliminary language of the first paragraph and could lead to absurd results. It could also create difficult, if not insurmountable, problems of proof in cases where the exact time of mailing is the critical factor.

That it was the legislative purpose to grant dealers a period of time in which to mail or deliver a report of sale without being subject to civil liability for an accident occurring after the sale was consummated is manifested

by the legislative history. In the beginning there was little if any difference between sales of motor vehicles made by dealers and sales made by non-dealers. Later, because of the evolution of modern financing, it became necessary to separate the registration of legal and equitable titles, and thereafter bonded dealers were authorized to acquire and hold vehicles without re-registering them. To effectuate the financing of the new owner's purchase, the dealer was not required to re-register immediately after the sale or transfer, but to avoid "owner's" liability pending re-registration the dealer, like an ordinary owner, had to give immediate notice of the sale to the Department of Motor Vehicles. In 1955 it became apparent to the Legislature that the requirement of immediate notice was creating an undue hardship and it was impracticable to require dealers to notify the department immediately after each sale. As a consequence, Vehicle Code section 177, now section 5901, was amended to allow dealers to mail or deliver the reports at any time prior to the end of the next business day after the sale;[2] in 1965 the statute, section 5901, was again amended to give the dealer to the end of the third business day after the consummation of the sale in which to mail or deliver the report. However, the requirement of immediate notice for nondealers was left unchanged (§ 5900). This statutory distinction is emphatic evidence that the Legislature believes that dealers should be treated differently from ordinary owners. To declare that, nevertheless, dealers are subject to "owners' " liability until they actually mail or deliver the reports makes the distinction practically meaningless, abrogates the patent legislative purpose and, for all intents and purposes, reduces the 1965 amendment to a mere formality.

The case of *Stoddart* v. *Peirce,* 53 Cal.2d 105 [346 P.2d 774], supports our interpretation of section 5602. In that case the Supreme Court held that the defendant dealer was not liable for damages resulting from an accident which occurred after the report of sale was actually received by the State Department of Motor Vehicles even though he did not mail the report prior to the expiration of the first business day after the sale of the automobile was consummated, as then required by Vehicle Code section 177, now section 5901. If a dealer who has failed to mail or deliver a report within the period required by the Legislature is not subject to civil liability for accidents which occur after the report has been received by the Department of Motor Vehicles, a fortiori, a dealer who has made a bona fide sale of an automobile and who timely mails the report of sale should not be subject to liability for accidents occurring after the sale is consummated.

---

[2]See *Stoddart* v. *Peirce,* 53 Cal.2d 105, 118 [346 P.2d 774], for an excellent discussion of the legislative history up to this point.

Let peremptory writ of mandate issue, requiring respondent court to enter summary judgment in favor of petitioners.

Stone, P. J., and Ginsburg, J.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.