[Civ. No. 46451. Second Dist., Div. Two. July 12, 1976.]

DOROTHY CUMMINS, Plaintiff and Appellant, v.
SKY CRUISERS, INC., et al., Defendants and Respondents.

## COUNSEL

Thomas E. Rubbert, Hagenbaugh & Murphy and Patrick F. Sheehy for Plaintiff and Appellant.

Green, Royce & Seaman, Carol E. Freis and Ronald S. Smith as Amici Curiae on behalf of Plaintiff and Appellant.

William G. Tucker, Kenneth C. Wilke, Jr., Maria Grabowski Shapiro, Shield & Smith and Timothy L. Walker for Defendants and Respondents.

## OPINION

**COMPTON, J.**—Thomas Cummins died on June 21, 1969, in the crash of a Piper Cherokee Six airplane piloted by Wiley Gilreath and rented from Sky Cruisers, Inc. Cummins' wife Dorothy brought this action for wrongful death against Sky Cruisers for vicarious liability as owner of the airplane for the negligence of Gilreath in the operation of the airplane. The trial court found Gilreath negligent but nevertheless found in favor of Sky Cruisers. Cummins has appealed.[1]

---

[1]Heirs of other persons who died in the crash, and whose suits are still pending, appear as amici curiae in support of Cummins' appeal.

Gilreath also appealed the judgment, contending the evidence did not support the judgment and, in any event, that workers' compensation was Cummins' exclusive

Public Utilities Code section 21404 provides: "Liability of the owner or pilot of an aircraft carrying passengers for injury or death to the passengers is determined by the rules of law applicable to torts on the land or waters of this state, arising out of similar relationships. Every owner of an aircraft is liable and responsible for death or injury to person or property resulting from a negligent or wrongful act or omission in the operation of the aircraft, in the business of the owner or otherwise, by any person using or operating the same with the permission, express or implied, of the owner."[2]

Sky Cruisers once owned the ill-fated aircraft but before the accident sold it to Jack Roberts in a sale and lease back plan to avoid financial default. Sky Cruisers remained the registered owner of the airplane on the rolls of the Federal Aviation Administration.

■ The sole issue on this appeal is whether Sky Cruisers was the "owner" of the Piper Cherokee Six within the meaning of Public Utilities Code section 21404 simply because it was listed as owner on federal aircraft registration records.[3] The evidence is clear and the trial court found that Roberts had legal title to the aircraft at the time of the accident. (Cal.U.Com.Code, § 2401, subd. (2).)

Public Utilities Code section 21404, *supra,* manifests a legislative intent to impose vicarious liability for permissive use on the owner of an aircraft to the same extent that such liability is imposed on owners of automobiles or watercraft. (Compare Veh. Code, § 17150, and Harb. & Nav. Code, § 661.) It applies to a determination of liability based upon established relationships and does not address the question of the establishing of those relationships.

---

remedy. A week before oral argument Gilreath notified the court that the case would be settled and his appeal dismissed.

[2]An owner's liability is limited by Public Utilities Code section 21404.1:

"(a) The liability of an owner, bailee of an owner, or personal representative of a decedent imposed by Section 21404 and not arising through the relationship of principal and agent or master and servant is limited to the amount of fifteen thousand dollars ($15,000) for the death of or injury to one person in any one accident and, subject to the limit as to one person, is limited to the amount of thirty thousand dollars ($30,000) for the death of or injury to more than one person in any one accident and is limited to the amount of five thousand dollars ($5,000) for damage to property of others in any one accident."

[3]Amici curiae also contend Sky Cruisers was the owner of the Piper Cherokee Six because in the sale and lease-back arrangement with Jack Roberts, Sky Cruisers retained all the incidents of ownership. This theory was not urged or considered in the trial court and cannot be raised for the first time on appeal. (*Sheffet* v. *County of Los Angeles*, 3 Cal.App.3d 720, 740 [84 Cal.Rptr. 11].)

California has its own systems for registration of motor vehicles and watercraft, (Veh. Code, §§ 4000 et seq.; 9840 et seq.) and in the case of motor vehicles and watercraft, within the statutory scheme for registration, ownership liability is tied directly to compliance with ownership registration procedures rather than to rules of law governing ownership of chattels (*Brown* v. *Superior Court,* 15 Cal.App.3d 187 [93 Cal.Rptr. 33]) and is in derogation of common law rules of liability. (*Bayless* v. *Mull,* 50 Cal.App.2d 66 [122 P.2d 608].)

Vehicle Code section 5602 provides: "An owner who has made a bona fide sale or transfer of a vehicle and has delivered possession thereof to a purchaser shall not by reason of any of the provisions of this code be deemed the owner of the vehicle so as to be subject to civil liability for the operation of the vehicle thereafter by another when the owner in addition to the foregoing has fulfilled either of the following requirements: (a) When he has made proper endorsement and delivery of the certificate of ownership and delivered the certificate of registration as provided in this code. (b) When he has delivered to the department or has placed in the United States mail, addressed to the department, either the notice as provided in Section 5900 or Section 5901 or appropriate documents for registration of the vehicle pursuant to the sale or transfer."

Vehicle Code section 9905 has similar provisions for watercraft. There is no similar provision tying aircraft registration to aircraft ownership liability. The simple explanation for these omissions is that the state has no aircraft ownership registration system. Section 1403 of 49 United States Code Annotated creates a federal system of aircraft ownership and financing registration and recordation which has preempted all comparable state systems. (*Pope* v. *National Aero Finance Co.,* 236 Cal.App.2d 722, 723 [46 Cal.Rptr. 233].)

Public Utilities Code section 24237 which, for the purposes of the Aircraft Financial Responsibility Act, section 24230 et seq. provides: " 'Owner' means any of the following persons who may be legally responsible for the operation of an aircraft: (a) A person who holds the legal title to an aircraft. (b) A lessee of an aircraft. (c) A conditional vendee, a trustee under a trust receipt and a mortgagor or other person holding an aircraft subject to a security interest."

Vehicle Code section 460 defines the owner of an automobile inter alia as ". . . a person having all the incidents of ownership, including the legal

title . . . the person entitled to the possession of a vehicle as the purchaser under a security agreement; . . ."

Thus as to either aircraft or automobile the definition of "owner" is generally identical. The only real difference is that language in Vehicle Code section 5602 which imposes on the *transferor* of an automobile the obligation of endorsing and delivering to the Department of Motor Vehicles the certificate of registration. As to aircraft the California law contains no such additional requirement.

We find nothing in the Public Utilities Code nor in the Vehicle Code to suggest that in the case of aircraft the Legislature intended that the question of who is or is not the "owner" should be determined by reference to the federal registration records.

Even though the federal registration system preempts the area of required registration it does not prevent the states, if they so desire, from imposing vicarious tort liability on persons registered on the federal rolls as owners of aircraft. It would have been a simple matter for the Legislature to so provide if indeed that was what it intended. For this court to take that step would be the rankest kind of judicial legislation. To so hold would be to create a cause of action against a new and separate class of persons. Plaintiffs already have their remedy against the "owner" Roberts. Since any extention of this liability is in derogation of the common law, it should not be as facilely undertaken as the dissent advocates.

Clearly the federal statutes do not themselves create any form of tort liability. The intent of Congress was quite different. "The purpose of this legislation [49 U.S.C.A. § 1403] is to facilitate the leasing or separate financing of propellers and aircraft . . . fleet." (1959 U.S. Code Cong. & Admin. News, at p. 1762.) The system is designed to give notice of security interests in aircraft. (*Feldman* v. *Chase Manhattan Bank, N.A.,* 368 F.Supp. 1327 [reversed on other grounds in 511 F.2d 468].)

The federal law differs significantly from California's automobile and watercraft registration system. Under the federal system there is no "certificate of ownership" issued to registered owners. Further, unlike California law, the burden is on the *purchaser* of an aircraft to record or register the transfer. (*Marsden* v. *Southern Flight Service, Inc.,* 227 F.Supp. 411.)

In summary then we conclude that while the owner of an aircraft may be subjected to vicarious liability in the same fashion as is the owner of an automobile, the identification of the "owner" of an aircraft is determined according to California statutes and the common law governing ownership of chattels and not by the contents of the federal registry.

The judgment is affirmed.

Beach, J., concurred.

**FLEMING, Acting P. J.**—I dissent.

Liability of the owner of an aircraft for injury or death to passengers is governed by "the rules of law applicable to torts on the land or waters of this State, arising out of similar relationships." (Pub. Util. Code, § 21404.) In my view this provision assimilates to aircraft not only the substantive liability of an owner to passengers but the rules for determining who shall be liable and for how long a period. Basic to these rules is the system of registration of ownership of motor vehicles and watercraft set out in Vehicle Code sections 5600, 5602, 9900, and 9905. Under these sections the registered owner of a motor vehicle or watercraft remains the owner of the vehicle or craft for purposes of tort liability until title has been properly transferred to the new owner and appropriate steps taken to register the transfer.

In 1958 the federal government established a national system of mandatory registration for aircraft with the Federal Aviation Administration and thereby preempted the field of aircraft registration. (*International Atlas Services, Inc.* v. *Twentieth Century Aircraft Co.,* 251 Cal.App.2d 434 [59 Cal.Rptr. 495]; 49 U.S.C. 1401 *ff.*) An individual state, therefore, has no need to establish a separate system of registration in order to identify and record aircraft ownership. Hence, absence of state registration of aircraft is a poor argument for dispensing with any requirement for registration, state or federal, as a means for terminating the owner's liability to passengers on transfer of title.

Absent some system of registration, a passenger has no way to know and no way to discover the true owner of the aircraft, as the facts of the present case illustrate. Here, all public documents identified Sky Cruisers as the owner of the aircraft. The only identification of Roberts as owner

was a typewritten lease in his possession, a document never filed, never recorded, never made a public record, in any place at any time. Under such a loose system the possibilities of fraudulent manipulation of ownership are unlimited. In my view, an injured passenger is entitled to rely on current registration of the aircraft in determining its ownership, and he is not required to conduct discovery proceedings to unearth unrecorded documents, if such exist, in order to smoke out an undisclosed owner of the aircraft.

The legislation establishing federal regulation of aircraft ownership (49 U.S.C. § 1403(c)) reads in part: "No conveyance . . . shall be valid . . . against any person . . . until . . . recordation . . . ." To my mind this declaration protects passengers with claims against the owner arising out of the operation of the aircraft, and they are entitled to rely on public documentary evidence of ownership until registration of the aircraft has been changed by a procedure comparable to that set out in Vehicle Code sections 5602 and 9905. Whether the old owner or the new owner effects the change in registration is immaterial, for each has an interest in timely registration, the old owner to terminate civil liability, the new owner to protect his property interest in the aircraft. To my mind federal registration serves both purposes.

I would reverse the judgment in favor of Sky Cruisers.

Appellant's petition for a hearing by the Supreme Court was denied October 28, 1976. Mosk, J., was of the opinion that the petition should be granted.