**Manuel DAVILA, Plaintiff,**

**v.**

**BANCO CENTRAL CORP., Defendant.**

**Civ. No. 89–0603 (JP).**

United States District Court, D. Puerto Rico.

Oct. 17, 1990.

Gabriel Peñagaricano, San Juan, P.R., for plaintiff.

Francisco Bruno, Sweeting, González & Cestero, San Juan, P.R., for defendant.

## OPINION AND ORDER

PIERAS, District Judge.

The Court has before it defendant Banco Central's Motion for Summary Judgment, and plaintiff's Cross–Motion for Partial Summary Judgment. This case is an action to foreclose a security interest on an aircraft, and to recover damages alleged to have been caused to said property while in the defendant's possession. Diversity jurisdiction is invoked under 28 U.S.C. § 1332 (1990).

## I. THE FACTS

On February 29, 1984, American Casa Distributors, Inc. (Casa), entered into an Agreement for Purchase or Lease of Aviocar Aircraft, with Puerto Rico International Airlines, Inc. (Prinair), whereby Prinair would purchase or lease four Aviocar aircraft from Casa. As part of the transaction, Casa arranged for a standby letter of credit from Bank of America in favor of Banco Central, Prinair's lending bank and mortgagee. Prinair agreed to reimburse Casa for any amounts drawn on the letter

of credit. This obligation was secured by two Heron aircraft. One of those aircraft, no. N587PR, is the object of this suit.

An undated "Security Agreement" (Exhibit B to Defendant's Amended Motion for Summary Judgment) was recorded with the Federal Aviation Administration (FAA) on April 30, 1985. According to this undated agreement, Prinair granted Casa a secured interest in the two aircraft "for and in exchange for a loan in the sum of the Two Hundred Thousand Dollars." A document entitled "Addendum to the Security Agreement of Puerto Rico International Airlines, Inc.", dated August 24, 1985 (Exhibit C to Defendant's Amended Motion for Summary Judgment), states that the undated Security Agreement was entered into in February 1984. This Addendum provides supplemental terms to the Security Agreement.

On the same date as the Addendum to the Security Agreement, August 24, 1984, Casa and Prinair entered into a "First Addendum for Purchase or Lease of Aviocar Aircraft Dated February 29, 1984", (Exhibit D to Defendant's Amended Motion for Summary Judgment). In the First Addendum, Casa agreed to arrange a new letter of credit in the amount of $300,000.00 in exchange for a secured interest in a mortgage covering fifteen Heron aircraft. The First Addendum, states that "PRINAIR, as Mortgagor hereby mortgages all the 'Aircraft' described in Exhibit A of this mortgage." Aircraft No. N587PR is not one of the mortgaged aircraft listed in that attachment. *See* Exhibit 6 to Plaintiff's Opposition to Motion for Summary Judgment and Cross Motion for Partial Summary Judgment.

Subsequently, Prinair failed to make mortgage payments to its lender, Banco Central. In addition, Bank of America, failed to renew the $200,000.00 letter of credit which would have covered the missed payments.[1] As a result, Banco Central, the defendant herein, foreclosed on

---

1. Although the First Addendum states that "Prinair acknowledges that it has received the proceeds of the letter of credit described at 6.A of the February agreement in the sum of $200,-000.00", the deposition of Jeanette Anderlik

"Tanya", the comptroller of Casa clarified that the defendant never drew on the original $200,-000. letter of credit. (*See,* Exhibit I to Defendant's Amended Motion for Summary Judgment).

Prinair's mortgage and obtained aircraft No. N587PR at a judicial sale. Casa then assigned its rights to the mortgaged planes, by quitclaim to the plaintiff, Manuel Dávila. *See*, (Exhibit 8 to Plaintiff's Opposition to Motion for Summary Judgment and Cross Motion for Partial Summary Judgment).

Plaintiff contends that California law permits a court to view the $200,000.00 and $300,000.00 letters of credit, along with all related documents, as one security agreement for the aircraft. Alternatively, the plaintiff alleges that the defendant's failure to compensate him for the costs associated with the $200,000.00 letter of credit, preserves his security interest in the aircraft. Defendant alleges that the secured agreement only provided for a secured interest with regards to the $200,000.00 letter of credit and that the expiration of the letter of credit extinguished any secured interest the plaintiff might have had.

After a thorough review of the record, the Court finds that there is a genuine issue of material fact. For the reasons stated below, we deny the defendant's motion for summary judgment.

## II. SUMMARY JUDGMENT—STANDARD OF REVIEW

■ A motion for summary judgment is appropriate when:

[T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). *Brennan v. Hendrigan*, 888 F.2d 189, 191 (1st Cir.1989); *see e.g., Medina–Muñoz v. R.J. Reynolds*, 896 F.2d 5 (1st Cir.1990). A "genuine" issue is one that is dispositive, and must therefore be decided at trial. *Mack v. Great Atlantic and Pacific Tea Co.*, 871 F.2d 179, 181 (1st Cir.1989); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). A "material" fact is one which affects the outcome of the suit and must be resolved before at-

tending to related legal issues. *Mack v. Great Atlantic and Pacific Tea Co.*, 871 F.2d at 181.

Essentially, Rule 56(e) mandates that summary judgment be entered against a party who fails to establish the existence of an element essential to that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Thus, the burden is first on the movant, to show "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. at 325, 106 S.Ct. at 2554. Thereafter, the burden shifts to the nonmovant to establish the existence of a genuine material issue. *Brennan v. Hendrigan*, 888 F.2d at 191. The nonmovant, however, cannot rest upon mere allegation or denial of the pleadings. Fed.R.Civ.P. 56. In the instant case, there exists a genuine issue of material fact which must be decided at trial. This issue of fact will be detailed below.

## III. FEDERAL AVIATION ACT

■ Aircraft No. N587PR was registered with the FAA on April 10, 1984. When an aircraft is registered under section 501 of the Federal Aviation Act of 1958 (49 U.S.C.App. § 1401 (1976)), all secured transactions which relate to that aircraft fall within the FAA regulations. *See* FAA Recording of Aircraft Titles and Security Documents, 14 C.F.R. § 49.1(a)(1) (1990). Even though the "Security Agreement" stated that California law would apply in any judicial disputes arising out of the secured interest on the aircraft, the California case law states that the federal system of aircraft ownership and financing recordation preempts all comparable state systems. *See Cummins v. Sky Cruisers Inc.*, 130 Cal.Rptr. 897, 59 Cal.App.3d 983 (1976). *See also, Pope v. Nat'l. Aero Finance Co.*, 46 Cal.Rptr. 233, 236 Cal. App.2d 722 (1965) (Recordation of Aircraft Ownership, 49 U.S.C.App. § 1403 (1976) preempts any state laws which might otherwise apply). Therefore the plaintiff may not rely upon California law to support his theory that all the submitted documents

together comprise an enforceable secured interest in the aircraft.

 In order for the plaintiff to maintain a secured interest in the aircraft, the security agreement or any addendum thereto must comply with the relevant FAA regulations.

The FAA regulations state that:

> An amendment of, or a supplement to, a conveyance executed for security purposes that has been recorded by the FAA *must meet the requirements for recording* the original conveyance and must describe the original conveyance in sufficient detail to identify it. . . .

14 C.F.R. § 49.19 (1990) (emphasis ours). Therefore in order for the plaintiff to prevail, the addendum to the Security Agreement must contain a clause which obligates the defendant to compensate the plaintiff for any costs associated with the $200,000. letter of credit, and those documents must be recorded with the FAA.

In the instant case, there are two documents which are entitled addendum, "Addendum to Security Agreement of Puerto Rico International Airlines" (dated August 24, 1984), and "First Addendum to Agreement For Purchase or Lease of Aviocar Aircraft Dated February 29, 1984" (dated August 24, 1984). Yet, the Aircraft Title Search Report (Exhibit H to Defendant's Amended Motion for Summary Judgment) simply indicates that "Addendum to Security Agreement" was recorded on April 30, 1984. It is unclear whether both documents together were recorded as the Addendum, or whether only one of the documents was recorded with the FAA. The ambiguity surrounding the addendum which was recorded with the FAA is significant because only the document which is entitled "First Addendum to Agreement For Purchase or Lease or Lease of Aviocar Aircraft Dated February 29, 1984" provides that Prinair is obligated to Casa for all charges and costs arising from the $200,000. letter of credit. If the "First Addendum" is the recorded document, then the plaintiff has a secured interest in the aircraft for unpaid costs and charges associated with the $200,000. letter of credit.

If the "Addendum to Security Agreement of Prinair" is the recorded document, then the plaintiff has no secured interest in the aircraft. Without a secured interest in the aircraft, plaintiff is not entitled to damages for any deterioration of the aircraft. Clearly, the uncertainty surrounding the recorded addendum is a genuine issue of material fact which requires a trial.

## IV. CONCLUSION

In conclusion, a review of the record and FAA regulations, reveals that a genuine issue of material fact exists.

Wherefore, in view of the foregoing, defendant Banco Central's Motion for Summary Judgment and plaintiff Manuel Dávila's Cross–Motion for Partial Summary Judgment, are both DENIED. The Court further ORDERS the parties to submit under oath, on or before November 17, 1990, certificates, statements etc., showing which of the two addendum were recorded or whether both were recorded.

IT IS SO ORDERED.