TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

BILL LOCKYER
Attorney General

| | | |
|---|---|---|
| OPINION | : | No. 99-711 |
| | : | |
| of | : | October 13, 1999 |
| | : | |
| BILL LOCKYER | : | |
| Attorney General | : | |
| | : | |
| GREGORY L. GONOT | : | |
| Deputy Attorney General | : | |
| | : | |

THE HONORABLE DICK DICKERSON, MEMBER OF THE CALIFORNIA ASSEMBLY, has requested an opinion on the following question:

If a California Highway Patrol officer at a scale facility prohibits an overweight vehicle from being driven on the highway, and the scale facility lacks unloading equipment, is the California Highway Patrol liable for any injuries sustained by the operator of the vehicle in attempting to reduce the weight without proper equipment?

CONCLUSION

If a California Highway Patrol officer at a scale facility prohibits an overweight vehicle from being driven on the highway, and the scale facility lacks unloading equipment, the California Highway Patrol is not liable for any injuries sustained by the operator of the vehicle in attempting to reduce the weight without proper equipment.

ANALYSIS

The inquiry presented for resolution concerns the possible liability of the California Highway Patrol ("CHP") for injuries sustained by a trucker at a highway scale facility. The trucker has been issued a citation for violating vehicle weight requirements (Veh. Code, § 35000, et seq.)[1] and told that the truck cannot be driven on the highway unless the weight is reduced. However, unloading equipment is not available at the scale facility. The trucker nevertheless attempts to reduce the weight without the proper equipment and is injured. Is the CHP liable for the injuries sustained due to the absence of unloading equipment at the scale facility? We conclude that it is not.

The facts in question are similar to those considered in *Kramer* v. *Superior Court* (1966) 239 Cal.App.2d 500. In *Kramer*, loggers were issued citations for vehicle weight violations and told they could not move the trucks from the scale facility with the overweight loads. The loggers argued that since the scale facility did not have unloading equipment, they should be allowed to continue to a sawmill where the equipment was available. They acknowledged, however, that portable unloading equipment could be brought to the scale facility. The court ruled that the CHP properly refused to allow the trucks to be moved without first reducing the weight. (*Id.*, at pp. 501-504.)

Here, as in *Kramer*, the controlling statute is section 2803, which provides:

"(a) If the traffic officer determines that the vehicle is not safely loaded or that the height, width, length, or weight is unlawful, he may require the driver to stop in a suitable place and reload or remove such portion of the load as may be necessary to render the load safe or to reduce it to the limits permitted under this code. A suitable place is an area which allows the least obstruction to the highway and which requires the least travel on the highway by the vehicle. Determination of the suitability of an area shall be made by the traffic officer who requires the adjustment. All material so unloaded shall be cared for by the owner or operator of the vehicle at the risk of the owner or operator.

"(b) If a certified weight certificate or bill of lading accompanies a vehicle which has been determined to be overweight due to the load on the vehicle, the driver shall submit the certified weight certificate or bill of lading, whichever is appropriate, to the traffic officer when the overweight load is removed in the presence of the officer. The officer may note on the certified weight certificate or bill of lading submitted by the driver the fact that a portion

---

[1] All references to the Vehicle Code prior to footnote two are by section number only.

of the load has been removed to bring the vehicle and load within the allowable weight limit specified in this code, and the officer shall return the certificate or bill of lading to the driver.

"(c) If the height, width, or length of the vehicle is unlawful, irrespective of any load thereon, or if an unladen vehicle is overweight, the traffic officer may prohibit further movement of the vehicle until a permit is obtained as provided in Section 35780."

Section 35780 in turn states:

"(a) The Department of Transportation or local authorities, with respect to highways under their respective jurisdictions, may, at their discretion upon application and if good cause appears, issue a special permit authorizing the applicant:

"(1) To operate or move a vehicle or combination of vehicles or special mobile equipment of a size or weight of vehicle or load exceeding the maximum specified in this code.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

It must be conceded that a scale facility constitutes a "suitable place" as defined in subdivision (a) of section 2803. The fact that a scale facility does not have unloading equipment is irrelevant for purposes of the statutory definition. A scale facility "is an area which allows the least obstruction to the highway and which requires the least travel on the highway by the vehicle." (§ 2803, subd. (a); see 22 Ops.Cal.Atty.Gen. 152, 157-158 (1953).) In *Kramer* v. *Superior Court*, *supra*, 239 Cal.App.2d at 502, the court rejected a claim that a scale facility was not a "suitable place" due to the absence of unloading equipment, stating in part:

"Real parties emphasize the reference of section 2803 to 'a suitable place[.'] But their affidavits do not contradict petitioners' declaration that for at least three years overloaded trucks, including those driven by real parties, had in fact reduced loads at this same point. Real parties' true claim seems to be that equipment for unloading logs is not installed at the scales. Uncontradicted affidavits show that petitioners informed real parties of the availability of unloading equipment to be brought to this spot at small cost. Real parties assert only that they should be allowed to proceed to a sawmill where permanent loading equipment is maintained. To permit the law violator to continue his lawbreaking until he reaches a destination which seems to him fully adequate to

correct his violation seems to pervert the true purpose of section 2803. . . . "

The court explained the "true purpose of section 2803" as follows:

> "The weight limits obviously are designed to protect the highways (22 Ops. Cal. Atty. Gen.152). Also apparent is the desire to protect other highway users from the hazard of vehicles which are less manageable by reason of overloading. Any thought that furtherance of these public interests is limited to issuance of a citation is dispelled by the quoted provision of section 2803. We would subvert the statutory scheme if we held that the driver of an overweight vehicle has the unqualified right to continue his unlawful use of the highway once he has received a citation. The fines fixed by section 42030 for violation of the weight limitations are not licenses for continuing violation of the law. For many years, department regulations have been clear that an overloaded vehicle shall not be allowed to proceed until the load is reduced, and this reasonable administrative construction of the statute is entitled to weight." (*Ibid.*)

Accordingly, a scale facility is a "suitable place" for purposes of section 2803, and it would not serve the purposes of the statute to allow the operators of overweight vehicles to continue on the highway even though the scale facility lacks unloading equipment. Such equipment may be brought to the scale facility, or as authorized by subdivision (c) of section 2803, a special permit may be obtained to operate the overweight vehicle under the conditions of section 35780. The fact that obtaining unloading equipment or a special permit may be costly in terms of time and money for the vehicle operator does not permit those who have disobeyed the law to ignore the law.

With this statutory background in mind, we turn to the central issue of determining the possible liability of the CHP when a trucker has attempted to remove a portion of an overweight load without proper equipment and has been injured. Is the CHP liable for the injuries sustained on property under its control and which would not have occurred had the CHP officer allowed the trucker to return to the highway after issuing the citation?

The answer to that question is found in the California Tort Claims Act (Gov. Code, §§ 810-998.3; "Act").[2] The Act governs actions at law for civil liability against public agencies, including state agencies, and their officers and employees. (81 Ops.Cal.Atty.Gen. 331, 332 (1998).) The Act specifically addresses "the substantive liabilities and immunities of (§§ 810-895.8), the procedures for initiating claims against (§§ 900-935.6), and the

---

[2] All references to the Government Code hereafter are by section number only.

entitlement to defense of (§§ 995-996.6) and indemnification for (§§ 825-925.6) public employees." (81 Ops.Cal.Atty.Gen. 199, 199-200 (1998), fn. omitted.) A public entity is not generally liable for an injury except as otherwise provided by statute. (§ 815; *Caldwell* v. *Montoya* (1995) 10 Cal.4th 972, 980; *Iverson* v. *Muroc Unified School Dist.* (1995) 32 Cal.App.4th 218, 227.)

In determining whether liability may exist in a particular case, the threshold inquiry under the Act is whether the defendant owes a duty of care to the plaintiff. (*Williams* v. *State of California* (1983) 34 Cal.3d 18, 22-23; *Ronald S.* v. *County of San Diego* (1993) 16 Cal.App.4th 887, 893.) "The existence of a duty 'is entirely a question of law, to be determined by reference to the body of statutes, rules, principles and precedents which make up the law . . . .' [Citation.]" (*Stout* v. *City of Porterville* (1983) 148 Cal.App.3d 937, 941.) Does a CHP officer have a duty to the operator of an overweight vehicle with respect to reducing the weight safely? In *Kramer*, the court concluded that the CHP has no duty to safely reduce an overweight load; rather, it is the responsibility of the vehicle operator. "We find no impropriety in requiring one who embarks upon a trip in an overloaded truck to provide for himself the means of safely reducing his load when he is caught." (*Kramer* v. *Superior Court*, *supra*, 239 Cal.App.2d at 502.)

By issuing a citation and prohibiting the vehicle's return to the highway, a CHP officer does not create a "special relationship" (see *Ronald S.* v. *County of San Diego* (1993) 16 Cal.App.4th 887, 893) with the vehicle operator so as to impose a duty of care in reducing the weight. The officer does not thereby prevent the operator from obtaining the proper equipment or a special permit to return to the highway. (See *Williams* v. *State of California*, *supra*, 34 Cal.3d at 26-28; *Stout* v. *City of Porterville*, *supra*, 148 Cal.App.3d at 944.) In short, the officer does not thereby take responsibility for reducing the overweight load. (See 22 Ops.Cal.Atty.Gen., *supra*, at 156-157.)[3]

Because of the lack of a duty of care on behalf of the CHP officer in the circumstances presented, there can be no liability imposed upon the CHP. We thus conclude that if a CHP officer at a scale facility prohibits an overweight vehicle from being driven on the highway, and the scale facility lacks unloading equipment, the CHP is not liable for any injuries sustained by the operator of the vehicle in attempting to reduce the weight without proper equipment.

---

[3] If a CHP officer's actions or inactions in a particular situation result in the creation of a "special relationship" imposing a duty of care, the issue of causation would need to be addressed, and if causation were found, it must then be determined whether any statutory immunity from liability existed. (See *McCorkle* v. *City of Los Angeles* (1969) 70 Cal.2d 252, 261-263; *Stout* v. *City of Porterville*, *supra*, 148 Cal.App.3d at 945.) Here, we are not asked to consider any action by a CHP officer. We only address the absence of unloading equipment at a scale facility.

* * * * *